IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEASON INNOVATIONS, LLC, | ) | |
| | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-836 |
| | ) | |
| HU-FRIEDY MFG. CO., LLC and | ) | |
| HU-FRIEDY MFG. CO., INC., | ) | |
| | ) | |
| defendants. | ) | |

## COMPLAINT

The plaintiff, GLEASON INNOVATIONS, LLC [hereinafter referred to as "Gleason"], for its Complaint against the defendants, HU-FRIEDY MFG. CO., LLC and HU-FRIEDY MFG. CO., INC., [hereinafter sometimes collectively referred to as "Hu-Friedy"], states:

### THE PARTIES

1. Gleason is a limited liability company organized under the laws of the State of Missouri and having a principal place of business at 6135 N.W. Hickory Place, Parkville, Missouri.

2. Hu-Friedy Mfg. Co., LLC is a limited liability company organized under the laws of the State of Delaware, having an agent at 208 S. LaSalle Street, Suite 814, Chicago, Illinois, and having a principal place of business at 3232 N. Rockwell, Chicago, Illinois.

3. Hu-Friedy Mfg. Co., Inc. is a corporation organized under the laws of the State of Illinois, having an agent at 208 S. LaSalle Street, Suite 814, Chicago, Illinois, and having a principal place of business at 3232 N. Rockwell, Chicago, Illinois.

### JURISDICTION AND VENUE

4. This lawsuit is an action for patent infringement arising under the patent laws of

the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over both Hu-Friedy entities because each has a place of business in this judicial district, each has an agent within this judicial district, and each regularly transacts business within this judicial district.

6. Venue lies within this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## COUNT I—INDUCEMENT TO INFRINGE
## UNITED STATES PATENT NO. 6,852,014

7. On February 8, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,852,014 ["the '014 patent"], entitled "Sharpening Guide for Dental Tools." A true and correct copy of the '014 patent is attached as Exhibit A.

8. Gleason owns the '014 patent by assignment from the inventor.

9. On information and belief, at least one of the Hu-Friedy entities makes, uses, sells, offers to sell, or imports into the United States, a sharpening guide for dental tools under the brand name "Sidekick," and markets the Sidekick sharpening guide to end-users.

10. Use of the Sidekick by end-users infringes claim 1 of the '014 patent.

11. On information and belief, at least one of the Hu-Friedy entities instructed, directed, or advised the end-users of the Sidekick how to carry out a direct infringement.

12. On information and belief, at least one of the Hu-Friedy entities knew or should have known that its actions would induce actual infringement by the end-users.

13. Hu-Friedy therefore induced infringement of claim 1 of the '014 patent.

14. Hu-Friedy's indirect infringement of the '014 patent has caused damage to

Gleason in the form of lost royalty payments.

15. On information and belief, Hu-Friedy had actual knowledge of the '014 patent yet continued its infringing conduct notwithstanding that knowledge. Accordingly, Hu-Friedy's infringement has been willful and deliberate.

### COUNT II—CONTRIBUTORY INFRINGEMENT OF UNITED STATES PATENT NO. 6,852,014

16. On February 8, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,852,014 ["the '014 patent"], entitled "Sharpening Guide for Dental Tools." A true and correct copy of the '014 patent is attached as Exhibit A.

17. Gleason owns the '014 patent by assignment from the inventors.

18. On information and belief, at least one of the Hu-Friedy entities sells or offers to sell within the United States, or imports into the United States, a sharpening guide for dental tools under the brand name "Sidekick," and markets the Sidekick sharpening guide to end-users.

19. The Sidekick is used in practicing claim 1 of the '014 patent and is especially made or especially adapted for use in an infringement of claim 1 of the '014 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. Hu-Friedy is therefore liable under 35 U.S.C. § 271(c) for contributory infringement of claim 1 of the '014 patent.

21. Hu-Friedy's contributory infringement has caused damage to Gleason in the form of lost royalty payments.

22. Hu-Friedy had actual knowledge of the '014 patent yet continued its infringing conduct notwithstanding that knowledge. Accordingly, Hu-Friedy's infringement has been willful and deliberate.

6894097.1 36316/142308
6894097.1 36316/142308

## COUNT III—INFRINGEMENT OF
## UNITED STATES PATENT NO. 6,971,949

23. On December 6, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,971,949 ["the '949 patent"], entitled "Sharpening Guide for Dental Tools." A true and correct copy of the '949 patent is attached as Exhibit B.

24. Gleason owns the '949 patent by assignment from the inventors.

25. On information and belief, at least one of the Hu-Friedy entities makes, uses, sells, offers to sell, or imports into the United States, a sharpening guide for dental tools under the brand name "Sidekick."

26. On information and belief, at least one of the Hu-Friedy entities has infringed at least claim 19 of the '949 patent by making, using, selling, offering to sell, or importing into the United States, the Sidekick sharpening guide for dental tools.

27. Hu-Friedy's infringement of the '949 patent has caused damage to Gleason in the form of lost royalty payments.

28. Hu-Friedy had actual knowledge of the '949 patent yet continued its infringing conduct notwithstanding that knowledge. Accordingly, Hu-Friedy's infringement has been willful and deliberate.

## COUNT IV—FALSE MARKING

29. Hu-Friedy markets and sells a sharpening guide for dental tools under the brand name "Sidekick."

30. The United States Patent and Trademark Office issued United States Patent No.

6,254,464, Hand Scaler Polishing Unit and Hand Scaler Polishing Apparatus, on July 3, 2001. A true and correct copy of the '464 patent is attached as Exhibit C.

31. Hu-Friedy has mark the Sidekick, in at least its catalog available at www.hufriedy.com on February 5, 2011, with "US Patent No. 6,254,464."

32. Hu-Friedy marks the Sidekick, in at least the User Manual available at www.hufriedy.com on February 5, 2011, as "Patented, US Patent No. 6,254,464."

33. Claim 1, the sole independent claim of United States Patent No. 6,254,464 [the "'464 patent"], claims, among other limitations, "a base member having a base surface slanted at an angle to a level line" and "a grindstone driving means for reciprocatingly moving said grindstone mounting member on and along said base surface."

34. The Sidekick does not contain any means for moving its grindstone on and along a base surface slanted at an angle to a level line.

35. Accordingly, the '464 patent does not read on the Sidekick.

36. The Sidekick is therefore not patented under the '464 patent.

37. Hu-Friedy does not, according to the records of the United States Patent and Trademark Office, own the '464 patent.

38. Hu-Friedy claims to be "instrument specialists since 1908", "the trusted source for the world's finest dental instruments", with "decades of industry knowledge", and therefore is a sophisticated company with expertise in the field of dental instruments.

39. Hu-Friedy owns at least 30 United States patents, and therefore has experience and institutional knowledge of patents in general and patent claims in particular.

40. Hu-Friedy therefore knew or should have known that the Sidekick is not covered

by the '464 patent.

41. Hu-Friedy engaged in marking the Sidekick as patented with the intent to deceive the public and to gain a competitive advantage in the dental instrument market.

42. Gleason is a licensor of a dental instrument manufacturer and has suffered a competitive injury from Hu-Friedy's false marking.

43. Hu-Friedy's marking of the Sidekick as patented under the '464 patent is false marking within 35 U.S.C. § 292(a).

WHEREFORE, GLEASON INNOVATIONS, LLC, prays that this Court enter judgment in its favor and against HU-FRIEDY MFG. CO., INC. and HU-FRIEDY MFG. CO., LLC, and to award:

A. Damages adequate to compensate Gleason for the indirect infringement of the '014 patent, from the date that infringement began, or the date of issuance of the '014 patent, whichever is later, in the amount of a reasonable royalty;

B. Damages adequate to compensate Gleason for the infringement of the '949 patent, from the filing date of this lawsuit, in the amount of a reasonable royalty;

C. Prejudgment interest for the indirect infringement of the '014 patent from the date that infringement began, or the date of issuance of the '014 patent, whichever is later;

D. Prejudgment interest for the infringement of the '949 patent from the date of filing of this action;

E. All costs of this action;

F. Increased damages under 35 U.S.C. § 284;

G. Attorneys' fees under 35 U.S.C. § 285;

H. A permanent injunction prohibiting further infringement of the patents-in-suit;

I. Damages for false marking under 35 U.S.C. § 292(a), to be split with the United States of America; and

J. Such other and further relief as this Court may deem proper.

## JURY DEMAND

Gleason requests a trial by jury on all issues triable by jury.

Respectfully submitted,
GLEASON INNOVATIONS, LLC

Date: February 7, 2011   By: s/Timothy M. McCarthy

Timothy M. McCarthy
James A. O'Malley
CLARK HILL PLC
150 N. Michigan Ave.
Chicago, Illinois 60601
Tel: (312) 985-5900
Fax: (312) 985-5999